Theodore Saron WILLIAMS, Appellant,

v.

The STATE of Texas.

No. 2–01–037–CR.

Court of Appeals of Texas,
Fort Worth.

April 11, 2002.

Robert Kersey, Granbury, for Appellant.

Richard L. Hattox, Granbury, for State.

PANEL F: DAUPHINOT and HOLMAN, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

### OPINION

DAVID L. RICHARDS, Justice (Assigned).

Appellant was convicted of the offense of felony driving while intoxicated and was sentenced by the jury to twenty years' confinement. Four issues are presented

on appeal: (1) whether the trial court erred in refusing to permit appellant to demonstrate his normal faculty of speech to the jury, without being subject to cross-examination by the State; (2) whether the trial court erred in refusing to permit appellant to show the jury the condition of his mouth, without being subject to cross-examination by the State; (3) whether Texas Code of Criminal Procedure Article 36.01(a)(1) is unconstitutional as it applies to felony driving while intoxicated prosecutions; and (4) whether the trial court erred in permitting the state to comment on appellant's two prior driving while intoxicated convictions. We will affirm.

■ In issues one and two appellant complains of the trial court's refusal to permit him to provide the jurors a personal demonstration of his speaking ability and the physical condition of his mouth at the time of his trial. We review the trial court's rulings on both issues under the abuse of discretion standard. *Rachal v. State,* 917 S.W.2d 799, 816 (Tex.Crim.App. 1996), *cert. denied,* 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996).

In his bill of exceptions, defense counsel provided a voice exemplar by having appellant read aloud approximately five paragraphs of the trial court's jury instructions. He also instructed appellant to bare his gums to his sister, Elizabeth Williams, who then testified that her sibling was missing a large number of his teeth. Appellant contends the proffered evidence was admissible to rebut the evidence of slurred speech contained on a video made by police authorities following his arrest.

Review of the record shows appellant's premise is faulty. The trial court did *not* refuse to admit the proffered testimony. The court merely refused to permit defense counsel from tendering appellant as a witness for the purpose of his demonstrations, without providing the State the opportunity for cross-examination:

THE COURT: All right. Of course, you may call your client as a witness to testify, but, no, I'm not going to allow you to simply put him up on the witness stand and read something and not be subject to being questioned by the district attorney.

. . . .

And that's apparently what you are wanting to do, is have his voice heard by the jury without being subjected to being cross-examined, and I am not going to allow that to occur.

Of course, they heard his voice on the videotape and also saw his actions and everything else. They have seen that. Evidence has been offered. And certainly you have the right to call your client to testify, but I'm not going to allow him to be called for some limited purpose of reading something so the jury could hear his voice and not be subjected to being cross-examined if he takes the witness stand as a witness.

Whether defendants may personally provide voice exemplars or other demonstrations to the jury as part of their defense, without fear of cross-examination by the State, appears to present an issue of first impression under Texas law.

A number of reviewing courts have addressed the "flip-side" situation where the defense opposes the State's use of voice exemplars. For example, in one of the earliest cases, the Supreme Court gave its imprimatur to an order sought by the authorities for the State compelling suspects in a lineup to speak the words of the assailant so that witnesses could attempt a voice identification. *United States v. Wade,* 388 U.S. 218, 221–23, 87 S.Ct. 1926, 1929–30, 18 L.Ed.2d 1149 (1967). Later, the Court gave similar sanction to an order granting the State's motion requesting

that, for comparison purposes, the defendants read transcripts of surreptitiously taped telephone conversations. *United States v. Dionisio,* 410 U.S. 1, 5–7, 93 S.Ct. 764, 767–68, 35 L.Ed.2d 67 (1973). And in *United States v. Williams,* 704 F.2d 315, 320 (6th Cir.1983), the Sixth Circuit upheld the trial court's order compelling the defendant to read a neutral passage from a news magazine in the presence of the jurors for comparative purposes.

Here, however, it is not the State seeking to use a voice exemplar and a physical demonstration against a defendant, but rather a defendant seeking to use them against the State. We find the case of *Commonwealth v. Melvin,* 378 Pa.Super. 59, 548 A.2d 275 (1988) instructive on this issue. In *Melvin* the court determined that defendants have no right to personally provide the jurors examples of their voice exemplars, without risking cross-examination. *Id.* at 279. The facts in *Melvin* are virtually identical to our case. Defense counsel there proposed to have Mr. Melvin stand before the jury and speak for the purpose of rebutting evidence introduced by the State that he mumbled. *Id.* The court noted that Mr. Melvin's tendered demonstration was testimonial in nature because it was proffered to assert the proposition that he did not mumble. *Id.* Because the demonstration was to be personally conducted by the defendant, the court held the trial court acted within its discretion in excluding the testimony, absent the defendant's willingness to be sworn in and subject himself to cross-examination. *Id.* The court noted that Mr. Melvin could have avoided the dilemma by presenting other witnesses to testify as to whether he mumbled. *Id.*

In our case, appellant similarly could have mounted a rebuttal to the State's evidence of slurred speech by calling other witnesses, such as his sister, to testify.

The clear implication of the testimony provided by his sister outside the presence of the jury was that appellant's speech was slurred because, "that's the way Ted is. He's been like that for a long time." She also provided testimony addressing the partially toothless condition of appellant's mouth. Nevertheless, she was not called as a witness by appellant.

We believe the rationale expressed by the court in *Melvin* is correct. To allow a defendant to avoid cross-examination when tendering voice exemplars, or other personal demonstrations, risks great potential for unfair prejudice to the State and risks misleading the jury. *See* TEX.R. EVID. 403. For example, assume the hypothetical situation where a defendant is being tried for a sexual assault where the victim testifies that her attacker had no tattoos on his arms. Further assume that, in rebuttal, defense counsel proposes to "demonstrate" to the jury that the victim has identified the wrong man by having the defendant roll up the sleeves of his shirt to reveal arm length tattoos. In this situation a prosecutor might be expected to want to cross-examine the defendant about when the tattoos were made, where they were made, the name of the artist, etc., in an attempt to rebut the defense. Absent the right to cross-examine the defendant, however, the prosecution could be unable to discredit even the most extreme examples of deception.

■ For the above reasons, we hold that a trial court does not abuse its discretion in refusing to permit a defendant to personally make voice exemplars or other personal demonstrations without the possibility of cross-examination by the State. *See id.* Points one and two are overruled.

■ In issue three, appellant complains of the requirement under Article 36.01(a)(1) that "[t]he indictment or information shall be read to the jury by the attorney prosecuting." TEX.CODE CRIM.

Proc. Ann. art. 36.01(a)(1) (Vernon Supp. 2002). In issue four, appellant argues the State should not have been permitted to comment on his prior driving while intoxicated convictions because evidence proving those convictions should not have been introduced. Appellant's specific complaint in each issue is that the jury should have been shielded at the guilt/innocence stage of the trial from the prejudicial knowledge of his past driving while intoxicated convictions.

Showing high ethical standards, appellant's counsel on appeal acknowledges the existence of controlling case authority directly contrary to his arguments. *See Tamez v. State,* 11 S.W.3d 198, 202 (Tex. Crim.App.2000) (permitting the reading of the indictment and introduction of evidence relating to prior DWI offenses, unless the defendant stipulates those elements are true). In *Tamez,* the same constitutional challenges appellant advances were specifically rejected. As an intermediate state appellate court we, of course, must decline appellant's invitation to overrule the higher court decision in *Tamez* on the grounds that it was incorrectly decided. Points three and four are overruled.

The trial court's judgment is affirmed.

DAUPHINOT, J. filed a dissenting opinion.

DAUPHINOT, Justice, dissenting.

The majority holds that a defendant in a criminal case may not voluntarily introduce demonstrative evidence of a physical characteristic or condition unless he also takes the stand as a witness and subjects himself to cross-examination. On the other hand, the majority specifically holds that the State can compel the defendant to present the same evidence. According to the majority, then, if the State introduces demonstrative evidence of a physical characteristic or condition, the defendant's rights against self-incrimination are not implicated; if the defendant introduces the same evidence, his rights are not only implicated, they are waived. I respectfully dissent.

The majority reasons that the defendant must submit himself to cross-examination because this demonstrative evidence is testimonial and "a prosecutor might be expected to want to cross-examine the defendant." With all respect to the majority, a prosecutor might be expected to want to cross-examine the defendant in every criminal trial. That desire, however, does not outweigh a defendant's right to refuse to testify.

Courts have repeatedly held that evidence demonstrating a defendant's physical characteristics or condition, such as voice exemplars, fingerprints, handwriting exemplars, tattoos, scars, blood, breath alcohol content, sobriety tests captured on video, and DNA results, can be compelled by the State precisely because it is not testimonial.[1] Consequently, it does not

1. *See, e.g., United States v. Dionisio,* 410 U.S. 1, 5, 7, 93 S.Ct. 764, 767, 35 L.Ed.2d 67 (1973); *United States v. Wade,* 388 U.S. 218, 222–23, 87 S.Ct. 1926, 1929–30, 18 L.Ed.2d 1149 (1967) (voice exemplars admissible); *Gassaway v. State,* 957 S.W.2d 48, 51 (Tex. Crim.App.1997); *Jones v. State,* 795 S.W.2d 171, 175–76 (Tex.Crim.App.1990); *Miffleton v. State,* 777 S.W.2d 76, 81 (Tex.Crim.App. 1989) (audio and visual recordings admissi-ble); *Holder v. State,* 837 S.W.2d 802, 805 (Tex.App.-Austin 1992, pet. ref'd) (compelling defendant to model items of clothing or otherwise demonstrate his physique before jury held constitutional); *Burnett v. State,* 784 S.W.2d 510, 511–13 (Tex.App.-Dallas 1990, pet. ref'd) (requiring defendant to repeat in front of jury words purportedly uttered by robber did not violate privilege against self-incrimination); *Laird v. State,* 650 S.W.2d

impinge on the defendant's right to refuse to testify.[2] Such evidence does not morph into testimonial evidence just because it is introduced by the defendant instead of the State.

198, 202 (Tex.App.-Fort Worth 1983, pet. ref'd) (requiring defendant to smile or otherwise open his mouth to let the jury view the status of his teeth not a violation of defendant's right against self-incrimination).

**2.** *Schmerber v. California*, 384 U.S. 757, 763–65, 86 S.Ct. 1826, 1831–33, 16 L.Ed.2d 908 (1966); *Olson v. State*, 484 S.W.2d 756, 772 (Tex.Crim.App.1969)(op. on reh'g) (constitutional privilege against self-incrimination protects only testimonial communications).