Theodore Saron WILLIAMS, Appellant,

v.

The STATE of Texas.

No. 1015–02.

Court of Criminal Appeals of Texas.

Oct. 1, 2003.

Robert Kersey, Granbury, for Appellant.

Robert Christian, District Attorney Granbury, Matthew Paul, State's Attorney, Austin, for the State.

## *OPINION*

KEASLER, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, J.J., joined.

At his trial for driving while intoxicated, Theodore Williams sought to introduce an exemplar of his voice without subjecting himself to cross-examination. The trial court denied the request and the Court of Appeals upheld this ruling. We conclude that the Court of Appeals erred. We hold that a voice exemplar is not testimonial and therefore does not waive a defendant's right to be free from self-incrimination.

## I. Facts and Procedural History

On May 28, 1999, a Hood County patrol officer pulled Williams over because the officer suspected him of driving while intoxicated. The officer conducted various sobriety tests on Williams. When Williams did not perform satisfactorily the officer arrested him and transported him to the local jail. There, Williams's manner of speech and demeanor were videotaped as he spoke with the police officers. The State later admitted the videotape into evidence to show that Williams's speech was slurred.

After the State rested, Williams asked the court to allow him to rebut the State's video by providing an exemplar of his normal faculty of speech. He further requested that he be allowed to do this without waiving his privilege against self-incrimination so that the State could not cross-examine him. The trial court denied this request. The jury convicted Williams of felony driving while intoxicated.

At the close of punishment evidence, outside the jury's presence, Williams made a bill of exceptions to demonstrate his speech. The court admitted, for record purposes, a tape recording of Williams reading five paragraphs from the court's charge. The language Williams read stated the charge against him and defined several terms.

Williams appealed his conviction, arguing that the trial court erred in denying his request to admit a voice exemplar. The Court of Appeals disagreed.[1] It held that "[t]o allow a defendant to avoid cross-examination when tendering voice exemplars, or other personal demonstrations, risks great potential for unfair prejudice to the State and risks misleading the jury. *See* Tex.R. Evid. 403."[2]

The dissenting opinion pointed out the inequity of allowing the State to compel such evidence without violating the defendant's right against self-incrimination, while requiring a defendant to waive such rights if he chooses to admit the same evidence.[3]

---

1. *Williams v. State,* 74 S.W.3d 902 (Tex.App.- Forth Worth 2002).

2. *Id.* at 904.

3. *Id.* at 905 (Dauphinot, J., dissenting).

We granted Williams's petition for discretionary review to address this question.

## II. Analysis

### A. Preservation of Error

█ It may be argued that Williams did not preserve any error because he never offered his voice exemplar. In *Luce v. United States*[4] and *Jackson v. State*,[5] the defendant sought to testify free from impeachment. When the trial court denied that request, the defendant elected not to testify. On appeal, the courts declined to review the issue because, since the defendant never testified, it was unclear, among other things, what he would have said and whether impeachment would have been sought.

This case is different. Here, as will be discussed below, we are not dealing with testimony but with physical evidence. As a result, the State had no right to cross-examine Williams at all. It does not matter whether the State would have eventually cross-examined him or not—the ruling that a voice exemplar is testimonial can be reviewed regardless. And, unlike in *Luce* and *Jackson*, in this case it is clear what Williams sought to introduce. There is no uncertainty here as to what would have been presented at trial, as there is in the case of testimony.

### B. Voice Exemplars

█ The right to present a defense is a fundamental element of due process of law.[6] Additionally, the Fifth Amendment privilege against self-incrimination protects a defendant "from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature."[7] Based on these two fundamental precepts, Williams asserts that he should have been permitted to present his voice exemplar without being subjected to cross-examination.

█ But it is also a rudimentary proposition "that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination."[8] A defendant "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts."[9]

█ Of course, the Fifth Amendment does not apply to every sort of incriminating evidence—only to testimonial communications that are incriminating.[10] In order to be testimonial, the communication "must itself, explicitly or implicitly, relate a factual assertion or disclose information."[11] So whether or not Williams would have been subject to cross-examination upon admission of his voice exemplar depends on whether a voice exemplar constitutes testimony.

The United States Supreme Court has addressed this issue in the context of the prosecution's introduction of voice exem-

---

4. 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

5. 992 S.W.2d 469 (Tex.Crim.App.1999).

6. *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

7. *Pennsylvania v. Muniz*, 496 U.S. 582, 589, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990).

8. *Jenkins v. Anderson*, 447 U.S. 231, 237, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980).

9. *Fitzpatrick v. United States*, 178 U.S. 304, 315, 20 S.Ct. 944, 44 L.Ed. 1078 (1900).

10. *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

11. *Doe v. United States*, 487 U.S. 201, 210, 108 S.Ct. 2341, 101 L.Ed.2d 184 (1988).

plars. In *United States v. Wade,* the Court held that "compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt." [12]

And in *United States v. Dionisio,* the Court held that voice recordings "were to be used solely to measure the physical properties of the witnesses' voices, not for the testimonial or communicative content of what was to be said." [13] The Court explained that "while one's voice and handwriting are, of course, means of communication," a voice or handwriting exemplar "is an identifying physical characteristic," not testimony, and therefore outside the Fifth Amendment's protection. [14]

■ In this case, Williams sought to introduce a voice exemplar as evidence in his defense, without subjecting himself to cross-examination. He sought to read several neutral paragraphs from the court's charge. The Court of Appeals held that this voice exemplar would have been testimonial in nature and would have subjected him to cross-examination. [15] Given the Supreme Court caselaw on the subject, we believe the Court of Appeals erred. "Requiring a suspect to reveal the physical manner in which he articulates words, like requiring him to reveal the physical properties of the sound produced by his voice,

does not, without more, compel him to provide a 'testimonial' response for purposes of the privilege." [16] Similarly, a defendant's introducing the physical manner in which he articulates words—particularly neutral words from the court's charge—is not testimonial. As the dissent below noted, the evidence "does not morph into testimonial evidence just because it is introduced by the defendant instead of the State." [17]

The Court of Appeals held that "to allow a defendant to avoid cross-examination when tendering voice exemplars or other personal demonstrations risks great potential for unfair prejudice to the State and risks misleading the jury." [18] The Court relied on Evidence Rule 403 and a lower appellate court from Pennsylvania. [19]

■ We believe this approach is flawed. Considerations of probativeness and prejudice must necessarily be made on a case-by-case basis. [20] It cannot be said that in every case in which a defendant introduces a voice exemplar without being subject to cross-examination, the evidence's probative value will always be substantially outweighed by its prejudicial effect. The mere fact that cross-examination will not occur does not itself make the evidence more prejudicial than probative in every case.

■ Moreover, Rule 403 is an evidentiary rule. Whether evidence is admissible pursuant to Rule 403 does not resolve the

---

**12.** 388 U.S. 218, 222–23, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

**13.** 410 U.S. 1, 7, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973).

**14.** *Id.* at 6–7, 93 S.Ct. 764.

**15.** *Williams,* 74 S.W.3d at 904.

**16.** *Muniz,* 496 U.S. at 592, 110 S.Ct. 2638.

**17.** *Williams,* 74 S.W.3d at 906 (Dauphinot, J., dissenting).

**18.** *Williams,* 74 S.W.3d at 904.

**19.** *See Commonwealth v. Melvin,* 378 Pa.Super. 59, 548 A.2d 275 (1988).

**20.** *See Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App.1990).

greater constitutional question of whether the evidence is testimonial and therefore subjects the defendant to cross-examination. We have concluded that a voice exemplar is not testimonial. As a result, a defendant who offers one does not waive the privilege and is not subject to cross-examination. Rule 403 does not change this result.

## III. Conclusion

We hold that a voice exemplar is not testimonial, whether it is offered by the State or the defendant. We therefore conclude that a defendant who offers a voice exemplar into evidence does not waive his Fifth Amendment rights and does not subject himself to cross-examination.

We reverse the judgment of the Court of Appeals and remand this case to that Court for proceedings consistent with this opinion.

KELLER, P.J., filed a dissenting opinion.

MEYERS, J., did not participate.

KELLER, P.J., filed a dissenting opinion.

The trial court did not prohibit appellant from giving a voice exemplar. The trial court simply held that giving a voice exemplar would subject him to cross-examination by the State. The alleged error, then, is not the exclusion of a voice exemplar but the allowance of cross-examination. But the cross-examination never occurred because appellant did not give a voice exemplar. The trial court should not be reversed for permitting cross-examination when that cross-examination never occurred.

This case is similar to *Luce v. United States*[1] and *Jackson v. State.*[2] In *Luce,* the defendant wanted to testify free from impeachment by a prior conviction.[3] The trial court decided the prior conviction was in the category of permissible impeachment evidence and refused to foreclose its use. In declining to review the merits of the alleged error, the United States Supreme Court observed that reviewing the trial court's ruling was fraught with difficulty, requiring speculation about:

(1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the government would have sought to impeach the defendant with the prior conviction, (4) whether the accused would have testified in any event, and (5) whether any resulting error in permitting impeachment would have been harmless.[4]

The Court held that to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify.

In *Jackson,* the defendant asked to be allowed to testify at the punishment phase of his death penalty trial without being cross-examined about prior extraneous offenses.[5] The trial court denied his request.[6] Relying upon *Luce,* we held that error was not preserved because the defendant did not in fact testify (and thus,

---

**1.** 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

**2.** 992 S.W.2d 469 (Tex.Crim.App.1999).

**3.** *Jackson,* 992 S.W.2d at 479 (citing *Luce,* 469 U.S. at 39–40, 105 S.Ct. 460).

**4.** *Id.* (citing *Luce,* 469 U.S. at 41–42, 105 S.Ct. 460).

**5.** *Id.* at 479.

**6.** *Id.*

was not impeached with extraneous offenses).[7]

The parallels in this case, *Luce,* and *Jackson* are striking. All involve: (a) the defendant's attempt to introduce certain evidence free from impeachment, (b) the trial court's ruling that the evidence, if introduced, would be subject to impeachment, and (c) the defendant's decision not to introduce his evidence.

This case embodies the concerns expressed in *Luce.* Although appellant submitted by bill of exception a tape-recorded reading of the jury charge, we do not know that appellant's voice exemplar would have been the same in the courtroom in front of a jury.

We also do not know for certain that the State would have chosen to cross-examine appellant, and more importantly, we do not know what that cross-examination would entail. The State may have wished to submit its own material for appellant to read. That form of cross-examination would have been no more testimonial than appellant's own proffer. Moreover, the State might have engaged appellant in a patently irrelevant line of questioning to determine whether the voice characteristics exhibited in reading materials aloud were also present in conversation. Assuming the line of questioning was truly irrelevant (e.g. the Rice Owls' chances of beating the Texas Longhorns), then it would have no incriminating value apart from its tendency to show appellant's voice characteristics. Of course, the State might have tried to cross-examine appellant about the facts of the case, but we will never know. Appellant has not preserved for review his claim of improper impeachment.

And even if we could determine with reasonable certainty that an improper cross-examination would have occurred, we would then be required to speculate about the question of harm. Without the State's cross-examination before us, we cannot know how that cross-examination would have affected the trial.

We should follow *Jackson* and *Luce* and hold that error was not preserved. Because the Court does not, I respectfully dissent.