Affirmed and Opinion filed July 5, 2005









Affirmed and Opinion filed July 5, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00195-CR

____________

 

DAVID MICHAEL
HARMON,
JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 253rd
District Court

Chambers County, Texas

Trial Court Cause No. 12,572

 



 

O P I N I O N

This is an appeal from a conviction for
aggravated robbery.  In three issues,
appellant, David Michael Harmon, Jr., argues that the evidence is legally and
factually insufficient to support the verdict and that the trial court erred in
not allowing appellant to stand and walk in front of the jury without
subjecting himself to cross-examination. 
We affirm.








Background

On
October 22, 2002, while Jennifer Newby washed her car at a self-service car
wash,  appellant approached her and asked
if he could borrow her cell phone.  When
she responded that she did not have one, appellant went back to his car, which
had its hood up.  After being unable to
get quarters from a change machine, Newby then asked appellant if he would
exchange some of her dimes and nickels for quarters.  Appellant gave her four quarters, and later
appellant asked Newby if she could give him a ride to his mother=s house so that he
could get money to fix his car.  Based on
appellant=s general appearance and conduct, Newby
agreed to give him a ride.

During the ride,
appellant pulled a gun on Newby and said that he was going to Ajack@ her.  Appellant directed Newby to drive to an
isolated area where he choked her and hit her in the head with the gun.  Newby tried to escape, but appellant hit her
in the head until she passed out.

Newby woke up in the back seat of her car;
some of her clothes had been removed. 
She again tried to get away, but appellant pushed her toward the front
seat and made her drive the car to an ATM while he rode in the back seat with
the gun pointed at her.  They went
through a drive-thru ATM several times, and Newby withdrew cash and gave it to
appellant.  Appellant then directed Newby
back to the car wash where he got out and told her not to tell the police what
had happened.

Newby immediately drove to the college she
attended where a friend found her and took her to the hospital.  Newby identified appellant in a photo
lineup.  A jury found appellant guilty of
aggravated robbery and assessed a sentence of sixty years= imprisonment and
a $10,000 fine.  This appeal followed.








Sufficiency of the Evidence

Appellant
contends the evidence is both legally and factually insufficient to support his
conviction.  In evaluating a legal‑sufficiency
claim attacking a jury=s finding of guilt, we view the evidence
in the light most favorable to the verdict. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000).  We do not ask whether we believe
the evidence at trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we determine only whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Cardenas v. State,
30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 
In our review, we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996) (alteration in original) (quoting Jackson, 443
U.S. at 319).  We presume that any
conflicting inferences from the evidence were resolved by the jury in favor of
the prosecution, and we defer to that resolution.  Id. at 133 n.13.

In conducting a
factual‑sufficiency review of the jury=s determination,
we do not view the evidence Ain the light most
favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Instead, we view
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We may find the
verdict is factually insufficient in two ways. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the contrary
evidence may be strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Id.  Our evaluation should not intrude upon the
fact‑finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.








In his first and second issues, appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction for aggravated robbery. 
Specifically, appellant claims that there is insufficient evidence that
links him to the crime because (1) appellant was identified only by Newby, (2)
there was no weapon recovered from appellant, (3) there was no currency found
on appellant or at his residence, (4) there were no fingerprints from appellant
in Newby=s vehicle, and (5)
there was no DNA evidence from Newby recovered from appellant=s clothing or from
appellant=s residence.

There was testimony at trial by Newby that
while in the car, appellant said that he was going to Ajack@ Newby.  Appellant aimed a gun at Newby, choked her,
and hit her in the head with the gun several times, causing serious
injuries.  Newby also testified that
appellant used the gun and forced her to drive to an ATM so that she could
withdraw money from her account to give to him. 
Newby testified that she feared for her life.  Further, there are still frame photos from
the ATM surveillance video that Newby testified showed her in the front seat of
the car and appellant in the back seat. 
Newby said that the entire incident lasted about an hour and that she
got a good look at appellant.  Soon after
the incident, Newby quickly identified appellant from a photo lineup and also
said at trial that she was A[a]bsolutely sure@ that appellant
was the person who beat and robbed her. 
This evidence is legally and factually sufficient to support the
verdict.








Appellant argues that the evidence is
insufficient because he was only identified by Newby.  Newby=s testimony
standing alone is sufficient to support appellant=s conviction.  See Batts v. State, 673 S.W.2d 666,
668 (Tex. App.CSan Antonio 1984, no pet.); Washington
v. State, No. 14-02-01095-CR, 2003 WL 21710488, at *2 (Tex. App.CHouston [14th
Dist.] July 24, 2003, pet. ref=d) (not designated
for publication).  Appellant also argues
that the evidence is insufficient because there was no fingerprint or DNA
evidence linking appellant with the crime, no weapon was recovered from
appellant, and no currency was recovered from appellant.  We find these arguments to be without
merit.  A rational jury could have found
appellant guilty of aggravated robbery without DNA evidence, fingerprint
evidence, or evidence of the gun or cash Newby gave to appellant.  See Santos v. State, 116 S.W.3d 447,
459 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (rejecting
argument that lack of fingerprints connecting appellant to robbery rendered
evidence insufficient to support conviction).

Viewing the evidence in the light most
favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant was guilty of aggravated robbery.  Viewing the same evidence in a neutral light,
we conclude the jury was also rationally justified in finding guilt beyond a
reasonable doubt.  The evidence is
therefore legally and factually sufficient to support the verdict.  We overrule appellant=s first and second
issues.

Appellant=s Request to
Stand and Walk in Front of Jury

In his third issue, appellant contends
that the trial court erred by not allowing him to stand in front of the jury
and walk a few steps.  Appellant
apparently made this request in order to rebut Newby=s initial
description to police as to appellant=s height, hair
color, and eye color.  The trial court
stated that if appellant stood and walked in front of the jury, appellant would
be subject to cross-examination by the State. 
Appellant therefore opted not to stand and walk in front of the
jury.  Appellant argues that the trial
court=s refusal to allow
him to walk in front of the jury without subjecting himself to
cross-examination violated his Fifth Amendment privilege against
self-incrimination.








AThe Fifth
Amendment privilege against self-incrimination protects a defendant >from being
compelled to testify against himself, or otherwise provide the State with
evidence of a testimonial or communicative nature.=@ Williams v.
State, 116 S.W.3d 788, 791 (Tex. Crim. App. 2003) (quoting Pennsylvania
v. Muniz, 496 U.S. 582, 589 (1990)). 
The Fifth Amendment does not apply to every sort of incriminating
evidence, only to incriminating evidence that is testimonial.  Id. 
Therefore, whether or not appellant would have been subject to
cross-examination upon being allowed to stand and walk in front of the jury
depends on whether standing and walking in front of a jury is testimonial.  See id.

The State can compel a defendant A>to stand up, to
assume a stance, to walk=@ without violating
the Fifth Amendment privilege against self-incrimination because such an action
is not testimonial.  See Taylor v.
State, 474 S.W.2d 207, 210B11 (Tex. Crim.
App. 1971) (quoting United States v. Wade, 388 U.S. 218, 223 (1967)); see
also Holder v. State, 837 S.W.2d 802, 805 (Tex. App.CAustin 1992, pet.
ref=d).  Whether the request that a defendant do some
action for the jury is made by the State or by the defense has no effect on
determining whether the action is testimonial. 
See Williams, 116 S.W.3d at 792 (finding that the analysis of
whether voice exemplar is testimonial or not is unaffected by which side
offered the evidence).  Accordingly, a
defendant=s act of standing up and walking in front
of the jury is not testimonial, whether offered by the State or the
defendant.  Further, a defendant who
offers to stand up and walk in front of the jury does not waive his Fifth
Amendment rights or subject himself to cross-examination.  See id. at 793.  Thus, it was error for the trial court to refuse
to allow appellant to stand and walk in front of the jury without being subject
to cross-examination.

Having found error, we now must determine
whether the error was harmful.  Under
Rule 44.2 of the Texas Rules of Appellate Procedure, the nature of the error
determines the standard under which it is evaluated.  Marsh v. State, 140 S.W.3d 901, 908
(Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  Constitutional error requires reversal of the
conviction or punishment unless the reviewing court determines beyond a
reasonable doubt that the error did not contribute to the conviction or
punishment.  Tex. R. App. P. 44.2(a). 
Other errors that do not affect the substantial rights of the defendant
must be disregarded.  Tex. R. App. P. 44.2(b).








Without providing any harm analysis,
appellant simply argues for reversal, and the State argues that the trial court=s ruling was
non-constitutional error.  However, it is
unnecessary to determine whether the error was constitutional because, even
under the more stringent constitutional error test, we conclude beyond a
reasonable doubt that the trial court=s error in not
allowing appellant to stand and walk in front of the jury without being subject
to cross-examination did not contribute to appellant=s conviction.  As discussed above, Newby unequivocally
identified appellant at trial and earlier in a photo lineup.  Additionally, there are still frame photos
from the ATM surveillance video that Newby testified depict her and appellant
in her car.  Newby=s initial
description of her assailant to police might have differed slightly from
appellant=s actual appearance, but the jury was able
to see appellant=s height when he entered the courtroom at
the beginning of each day of trial.  The
jury was also able to see appellant=s hair and eyes
when he walked into the courtroom and while he sat at the defense table.  Further, appellant was able to argue this
point during his closing argument. 
Because we find that the trial court=s refusal to allow
appellant to stand and walk in front of the jury without subjecting himself to
cross-examination was harmless, we overrule appellant=s third issue.

The judgment of
the trial court is affirmed.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Opinion filed July 5, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.

Publish
C Tex. R. App. P. 47.2(b).