NO. 07-12-00068-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 29, 2013

_____

THE STATE OF TEXAS, APPELLANT

v.

JENNIFER LUJAN, APPELLEE

_____

FROM THE COUNTY COURT OF TERRY COUNTY;

NO. 28604; HONORABLE J. D. WAGNER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**

Appellee Jennifer Lujan was charged by information with driving while intoxicated. She filed a motion to suppress various testimonial statements allegedly elicited by police during custodial interrogation. After a hearing on her motion, the trial court signed an order granting the motion. The State has appealed.[1] Finding no evidence in the record supporting the ruling of the trial court, we will reverse its order.

_____

[1] Tex. Code Crim. Proc. Ann. § 44.01(a)(5) (West Supp. 2012).

Background

The very limited evidentiary record on suppression, consisting only of the testimony of a Brownfield, Texas police officer, shows that the officer responded to the scene of a motor vehicle collision involving a vehicle operated by appellee. According to the officer, the collision occurred in the "middle of the road." Suspecting appellee of intoxication, the officer placed her in his vehicle and transported her to the police station for field sobriety testing. In his opinion, the sally port at the station was a safer location for performing the tests than the scene of the accident.

On the way to the station appellee asked the officer, "If I pass this test will I be free to leave?" The officer responded, "I can't predict the future." The officer did not read appellee *Miranda*[2] warnings before conducting the field sobriety tests.

A video and audio recording of the stop and at least part of the field sobriety tests apparently was made, but it was not admitted into evidence in the trial court and is not part of the appellate record.

Appellee filed a pre-trial motion seeking suppression of evidence. Specifically, she alleged while in custody law enforcement obtained various unspecified statements from her in violation of the United States and Texas Constitutions and the Texas Code of Criminal Procedure. The following exchange between the trial court and appellee's counsel at the conclusion of the suppression hearing further defines appellee's suppression objective.

---

[2] *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The Court: So what you're asking is to leave [the officer's] testimony and the video out completely?

[Appellee's Counsel]: I'm asking from the point that he places her that he says her--she had no right to leave. When he places her under temporary detention, from that point forward, to be suppressed. At the very least or alternatively, I'm asking at the point where he is actually asking her questions to her and she's eliciting responses from her at that--I feel like that must be suppressed. I also feel like the field sobriety test and any testimony regarding that should be suppressed as well.

\*\*\*

The Court: I'm going to rule on the defendant's motion.

[Appellee's Counsel]: All evidence to be suppressed to the point that she's placed in temporary detention? (sic)

The Court: Yes, ma'am.

The written order of suppression merely states appellee's motion was granted.

Analysis

The State frames the issue for review as, "Whether the video and audio recordings of field sobriety tests and testimony regarding same are admissible as evidence when the peace officer did not give the suspect *Miranda* warnings prior to speaking with the suspect." Disagreeing, appellee believes the question is "whether the Trial Court erred in granting her suppression motion, a somewhat broader question than the issue addressed by the State."

In reviewing the ruling of a trial court's motion to suppress evidence, we give "almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State,* 955 S.W.2d 85, 89

3

(Tex.Crim.App. 1997). We review *de novo* questions of law and "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Montanez v. State,* 195 S.W.3d 101, 106 (Tex.Crim.App. 2006).

Appellee's written motion to suppress sought exclusion of statements made by her. Although there is much discussion in the hearing record regarding questions posed to appellee by the officer during the course of their interaction, the record provides us with evidence of only one express statement made by appellee. We will address that statement. The officer testified that on the way to the police station appellee asked him, "If I pass this test am I going to be free to leave?" Article 38.22 codifies the *Miranda* warnings. *Lemmons v. State,* 75 S.W.3d 513, 519 (Tex.App.--San Antonio 2002, pet. refused). The *Miranda* protections against self-incrimination come into issue only when the defendant is subjected to custodial interrogation seeking testimonial responses. *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Williams v. State,* 116 S.W.3d 788, 791 (Tex.Crim.App. 2003) (noting Fifth Amendment applies only to incriminating evidence that is testimonial in nature). Custodial interrogation is questioning initiated by law enforcement officers after a person is taken into custody or otherwise deprived his or her freedom of action in any significant manner. *Miranda,* 384 U.S. at 444; *Ruth v. State,* 645 S.W.2d 432, 435 (Tex.Crim.App. 1979). Custodial interrogation includes express questioning of a suspect as well as words or actions by police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response. *Jones v. State,* 795 S.W.2d 171, 174 (Tex.Crim.App. 1990), (quoting *Rhode Island v. Innis,* 446 U.S. 291, 300-02, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). A communication is testimonial if it

4

"explicitly or implicitly, relate[s] a factual assertion or disclose[s] information." *Williams,* 116 S.W.3d at 791 (quoting *Doe v. United States,* 487 U.S. 201, 210, 108 S.Ct. 2341, 101 L.Ed.2d 184 (1988)).

As reflected in this record, appellee's "pass the test" question was just that, a question, and was not a response to an action of the officer. *See Miranda*, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today"). Based on the information before it, the trial court erred by ordering its suppression.

Other than the "pass the test" question, the record does not contain the substance of any statements attributable to appellee, whether or not in custody at the time. It was appellee's initial burden to identify on the record the statements she sought to suppress. *See Wilkerson v. State,* 173 S.W.3d 521, 532 (Tex.Crim.App. 2005) (citing *Paez v. State,* 681 S.W.2d 34, 36 (Tex.Crim.App. 1984) (mere filing of motion to suppress does not "thrust a burden on the State to show compliance with *Miranda* or article 38.22 warnings")); *Wyss v. State,* No. 03-07-00515-CR, 2008 Tex. App. Lexis 6654, at *7 & 7-8 n.3 (Tex.App.--Austin Sept. 5, 2008, no pet.) (mem. op.) (noting initial burden at pre-trial suppression hearing is on defendant to come forward with evidence). Appellee having failed to meet that burden, the trial court erred in its broad suppression order.[3]

---

[3] If appellee claims generally that the *Miranda* warnings are a constitutional precedent to field sobriety tests, we disagree. *See Gassaway v. State,* 957 S.W.2d 48, 51 (Tex.Crim.App. 1997) (stating that a recitation of the alphabet and counting backwards are not testimonial in nature because these communications are physical evidence of the functioning of the DWI suspect's mental and physical faculties and any

5

Absence of Findings of Fact and Conclusions of Law

The State timely requested findings of fact and conclusions of law which the trial court apparently did not prepare. In *State v. Cullen,* 195 S.W.3d 696, 699 (Tex.Crim.App. 2006) the Court of Criminal Appeals held, "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By 'essential findings,' we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." The State has not requested that we abate the appeal for preparation of findings and conclusions and, given the state of the record, we fail to see that findings and conclusions could assist in the presentation of the appeal. Reiterated, with the single exception we have discussed, nothing in the record identifies the statements to which appellee's motion to suppress was addressed, and no evidence shows the substance of the statements or the time, place or circumstances in which they were made.

---

indication of intoxication comes from the suspect's demeanor, manner of speaking, and possession of the mental ability for correctly performing the tests); *Miffleton v. State,* 777 S.W.2d 76, 80 (Tex.Crim.App. 1989) (concluding video recording of DWI suspect's field sobriety test was not testimonial in nature and therefore not offensive to the Fifth Amendment).

Conclusion

We reverse the order of the trial court.  The case is remanded to the trial court for proceedings consistent with this opinion.[4]


James T. Campbell
Justice


Pirtle, J., dissenting.


Do not publish.

---

[4] We emphasize that our conclusion the evidentiary record presented to us in this interlocutory appeal does not support the trial court's order is not a ruling on the admissibility of any evidence.  If objection is raised to the admission of evidence in trial court proceedings following remand of this case, the decision to admit or exclude the evidence is left to the sound discretion of that court.