**Opinion issued August 8, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00721-CR

————————————

**KAREN JAYE MICHALEC, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 14-CCR-175539**

---

## MEMORANDUM OPINION

Appellant Karen Jaye Michalec was arrested and charged with the Class B misdemeanor offense of driving while intoxicated. *See* TEX. PENAL CODE § 49.04. At trial, Michalec requested that the court allow her to introduce a voice exemplar by reading to the jury without being subject to cross-examination. The trial court

denied her request, and a jury convicted her of driving while intoxicated. The court assessed punishment at 19 days in jail with credit for one day served.

In her sole appellate issue, Michalec argues that the trial court erred by denying her request to introduce a voice exemplar without being subject to cross-examination by the State. Because any alleged error was harmless, we affirm the judgment.

## Background

An officer with the Needville Police Department was sitting in a marked patrol unit around 2:00 a.m. when he noticed something out of the ordinary. A "small, two-door passenger car" failed to stop at a flashing red light. The officer followed the vehicle and turned on his lights and siren to indicate that he was pulling it over for a traffic stop. After he stopped the vehicle, the officer asked the driver for her driver's license and proof of insurance. The driver could not produce either. While the driver was still in the vehicle, the officer smelled a "strong odor of alcohol emitting from her breath and person." The officer asked where she was coming from and where she was going. She told him that she had come from home and was going home. After she admitted she had been drinking, the officer asked how much she had had to drink, and she said "a few," meaning "four or five."

The officer asked the driver to get out of the vehicle and noticed that she was "swaying a little bit" as she got out, she had glassy eyes, and her speech was

2

slurred. After the driver got out of the car, the officer had her perform standard field sobriety tests to determine if she was able to operate a motor vehicle. Based on the driver's performance, the officer concluded that she was too intoxicated to drive. He detained her on suspicion of driving while intoxicated. The officer identified the driver of the vehicle as appellant Karen Jaye Michalec.

Michalec was charged by information with the offense of driving while intoxicated. At a trial before a jury, the officer who made the traffic stop testified about his interaction with Michalec on the night she was arrested. The officer testified about his observations after stopping her, including that her eyes were glassy and her speech was slurred. He also discussed the field sobriety tests and their results. The officer then opined that based on his training, experience, and his observations that night, Michalec had lost the normal use of her physical and mental faculties because of the introduction of alcoholic beverages into her "system." The State introduced videos recorded on the officer's vehicle and body cameras during the traffic stop. The videos corroborated the officer's testimony about the results of the field sobriety tests.

After the State rested, Michalec moved for a directed verdict, which the trial court denied. She then sought to offer a voice exemplar into evidence. Specifically, defense counsel wanted the trial court to allow Michalec to read a few sentences of the Declaration of Independence in front of the jury in order to rebut the officer's

testimony that her speech was slurred on the night of her arrest. The trial judge suggested that he would allow Michalec to introduce a recording of her voice, but he expressed reluctance about allowing her to read in front of the jury without answering questions. The court questioned defense counsel about how the prosecutor was "going to be able to cross-examine" Michalec "on whether she's practiced" reading the sentences "with or without a slur, purposely covering it up, purposely amplifying it." Counsel argued that based on the holding in *Williams v. State*, 116 S.W.3d 788 (Tex. Crim. App. 2003), the State was not entitled to cross-examine Michalec based on her introduction of a voice exemplar. Counsel further argued that she wanted to introduce the voice exemplar "as a rebuttal to what the officer has testified." The trial court then stated, "unless you want to open her up for cross-examination, I'm not going to allow a voice exemplar of her standing in front of the jury reading. Not going to happen. Denied." Counsel objected to this ruling based on the holding of *Williams*.

The jury convicted Michalec of driving while intoxicated. She then entered into an agreement with State regarding punishment, and the trial court, in accordance with the agreement, sentenced her to 19 days in jail with credit for one day served.

Michalec appealed.

**Analysis**

In a single issue, Michalec contends that the trial court erred by denying her request to introduce a voice exemplar without being subject to cross-examination by the State. She argues that she should have been allowed to introduce the voice exemplar without waiving her Fifth Amendment privilege against self-incrimination.

A trial court's decision to admit or exclude evidence is reviewed under an abuse-of-discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006); *Smith v. State*, 340 S.W.3d 41, 53 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *Smith*, 340 S.W.3d at 53–54. A trial court's evidentiary ruling will not be reversed unless that ruling falls outside the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).

Michalec relies upon *Williams* to support her contention that the trial court erred by refusing to allow her to introduce a voice exemplar without being subject to cross-examination by the State. In that case, the Court of Criminal Appeals analyzed whether a defendant waived his Fifth Amendment privilege by introducing a voice exemplar. *Id*. at 791–93. The Court stated that the "Fifth

5

Amendment privilege against self-incrimination protects a defendant 'from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.'" *Id*. at 791 (quoting *Pennsylvania v. Muniz*, 496 U.S. 582, 589, 110 S. Ct. 2638 (1990)). The Fifth Amendment, however, does not apply to every sort of incriminating evidence, only to incriminating evidence that is testimonial. *Id*. In order to be testimonial, the communication "'must itself, explicitly or implicitly, relate a factual assertion or disclose information.'" *Id*. (quoting *Doe v. United States*, 487 U.S. 201, 210, 108 S. Ct. 2341 (1988)). The Court in *Williams* concluded that a voice exemplar did not constitute testimonial evidence, and therefore a defendant does not waive his Fifth Amendment privilege by introducing one. *Id*. at 793.

In response to Michalec's contention that the trial court erred, the State argues that she inadequately briefed the issue of whether she was harmed by the trial court's refusal to allow her to admit a voice exemplar. The State also contends that even if the trial court erred, and Michalec adequately briefed the issue of harm, she was not harmed by the error.

Assuming without deciding that the trial court erred by denying Michalec's request to introduce a voice exemplar without being subject to cross-examination by the State, such errors are subject to a harm analysis. *See Harmon v. State*, 167 S.W.3d 610, 615–616 (Tex. App.—Houston [14th Dist.] 2005, pet ref'd); *Williams*

*v. State*, 145 S.W.3d 737, 740–745 (Tex. App.—Fort Worth 2004, no pet.). The nature of the error determines the standard under which harm is evaluated. TEX. R. APP. P. 44.2. Constitutional error requires reversal of the conviction or punishment unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a); *Clay v. State*, 240 S.W.3d 895, 905–06 (Tex. Crim. App. 2007). "If there is a reasonable likelihood that the error materially affected the jury's deliberations, then the error was not harmless beyond a reasonable doubt." *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007). We determine the probable impact of the error in light of all other available evidence. *Id.* Other errors that do not affect the substantial rights of the defendant must be disregarded. TEX. R. APP. P. 44.2(b).

Even if we reviewed Michalec's issue under the more stringent constitutional-error test, we conclude beyond a reasonable doubt that the trial court's alleged error in not allowing her to introduce a voice exemplar without being subject to cross-examination did not contribute to her conviction. *See Clay*, 240 S.W.3d at 905–06; *Harmon*, 167 S.W.3d at 615–16. At trial, she sought to introduce the voice exemplar in order to rebut the officer's testimony that she slurred her words on the night she was arrested. Assuming that the voice exemplar would have rebutted the officer's testimony that Michalec slurred her speech, that testimony was not the only evidence indicating she was driving while intoxicated.

7

The State presented testimony that Michalec ran a stop light, swayed as she got out of her vehicle, and emitted a strong odor of alcohol. Additionally, she admitted to the officer who pulled her over that she had four to five drinks that night. She performed poorly on three standard field sobriety tests conducted by the officer. In addition, the officer's conclusion that Michalec was driving while intoxicated was based on all of the observations he made that night, particularly the results of the field sobriety tests, not just the fact that she slurred her words. The State corroborated most of this evidence with videos recorded at the time of the arrest on the officer's vehicle and body cameras. In light of the overwhelming nature of the State's evidence without the officer's testimony about Michalec's slurred speech, there is no reasonable likelihood that the alleged error in refusing to admit a voice exemplar without subjecting her to cross-examination materially affected the outcome of the jury's deliberation. *See Clay* 240 S.W.3d at 905–06; *Harmon*, 167 S.W.3d at 615–16. Thus, the alleged error was harmless. *See Clay* 240 S.W.3d at 905–06; *Harmon*, 167 S.W.3d at 615–16.

We overrule Michalec's sole issue on appeal.

## Conclusion

We affirm the judgment.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).