JORDAN v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-030-CR

HILARY ARTHUR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Hilary Arthur appeals her conviction for driving while intoxicated.  After the trial court denied Appellant’s motions to suppress, she waived her right to a jury trial and entered a plea of guilty.  The trial court found Appellant guilty, assessed her punishment at a fine of $550 and 90 days in the county jail, and suspended imposition of the sentence by placing her on community supervision for a period of twenty-four months.  In two points, Appellant asserts that the trial court erred by failing to suppress physical and testimonial evidence obtained at the scene of her warrantless arrest.
(footnote: 1)  We affirm.

MOTION TO SUPPRESS

In her first point, Appellant argues that she was subject to an unreasonable search because she was required to perform field sobriety tests.  She contends that the Fourth Amendment applies to searches for signs of intoxication through the use of field sobriety tests.  In her second point, she asserts that her statements were used against her in violation of 
Miranda
 because she was subjected to a custodial interrogation.

1.  Evidence Presented

Officer Craig Berry of the Keller DWI Unit testified that he was on patrol at 1:33 a.m. on June 18, 2005, when he observed a car rapidly accelerate away from a traffic light and drift over the pavement’s white line.  He checked the vehicle’s speed with his radar; it registered forty-five miles per hour as the vehicle left a thirty-five miles-per-hour zone and entered a forty miles-per-hour zone.  Officer Berry followed the car and observed it drift onto the right shoulder six times and drift over the left traffic line at least twice.  Officer Berry testified that both the vehicle’s excessive speed and failure to drive in a single lane were traffic violations. 

Officer Berry initiated a traffic stop.  Appellant was the vehicle’s sole occupant.  Officer Berry approached the car on the passenger side and shone his flashlight through the passenger-side window; Appellant did not acknowledge his presence for nearly half a minute, and then only when Officer Berry knocked on the window.  When Appellant rolled down her window, Officer Berry smelled a strong odor of alcohol coming from the car’s interior.  He asked Appellant if she had consumed any alcohol that night, and she alternatively told him that she had consumed one glass of wine and that she couldn’t remember how much she had consumed.  Officer Berry testified that Appellant’s speech was loud and, occasionally, moderately slurred.  Her eyes were bloodshot and watery. 

Officer Berry asked Appellant to step out of the car, and he administered  three standardized field sobriety tests.  Appellant exhibited six of six “clues” of intoxication on the horizontal gaze nystagmus test, five clues on the walk-and-turn test, and three clues on the one-leg-stand test.  Officer Berry then administered a portable breath test; the breath-test device reported Appellant’s blood-alcohol level as .17.  Officer Berry arrested Appellant and took her to the Keller Police Department, where he read her the 
Miranda
 warnings.
(footnote: 2)  

Appellant testified that when Officer Berry began questioning her regarding how much she had to drink that evening and asked her step out of the car, she did not feel like she was free to leave.  She testified that she would not have performed the field sobriety tests if Officer Berry had told her that she had the option not to perform them. 

2.  Standard Of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.
 

3.  Physical Evidence 

Appellant argues that the Fourth Amendment and article one, section nine of the Texas Constitution apply to searches for signs of intoxication through the use of field sobriety tests.
(footnote: 3)  
See 
U.S. Const. 
amend
. IV; Tex. Const. Art. I, § 9.  
Although she mostly complains in her first point of a violation of her rights as guaranteed by the Fourth Amendment, she also briefly argues that field sobriety tests are testimonial in nature and require the administration of 
Miranda
 warnings in order to protect her privilege against self-incrimination under the Fifth Amendment.  

The Fifth Amendment applies only to incriminating evidence that is testimonial in nature.  
Williams v. State
, 116 S.W.3d 788, 791 (Tex. Crim. App. 2003).  In order to be testimonial, the communication must itself, explicitly or implicitly, relate a factual assertion or disclose information.  
Id.
  The court of criminal appeals has held that sobriety tests yield physical evidence of a suspect’s mental and physical faculties, and thus, the results are not testimonial evidence that implicates 
Miranda
.  
Gassaway v. State
, 957 S.W.2d 48, 51 (Tex. Crim. App. 1997) (holding that field sobriety tests do not violate the privilege against self-incrimination).  Specifically, the court of criminal appeals has reasoned that field sobriety tests are not testimonial because their results do not create “an express or implied assertion of fact or belief.”  
Id.
 at 50.

Appellant also claims that the trial court erred in failing to suppress testimony concerning the field sobriety tests pursuant to code of criminal procedure article 38.22.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon Supp. 2006).  However, no Texas law requires that a suspect be warned, or that consent be obtained, before the administration of a field sobriety test.  
Oguntope v. State
, 177 S.W.3d 435, 438 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (stating that while transportation code sections 724.012, 724.013, and 724.015 require statutory warnings of consequences of consent or failure to consent to a breathalyzer test, no statute requires warnings prior to the administration of field sobriety tests); 
Martin v. State
, 97 S.W.3d 718, 720 (Tex. App.—Waco 2003, pet. ref’d) (holding that a field sobriety test was not illegally obtained because, unlike the statutory mandate that a breathalyzer test may not be administered if the subject refuses to submit to the taking of the specimen, no such statute applies to field sobriety tests).

Appellant’s Fourth Amendment complaint relates to the right to be secure  in her person from unreasonable searches or seizures.  She asserts that she was subjected to an unreasonable search and seizure when Officer Berry asked her to perform the field sobriety tests.  Both the Fourth Amendment and article one, section nine of the Texas Constitution guarantee individuals the right to be free from unreasonable searches and seizures. 
 See 
U.S. Const. 
amend. IV;
 Tex. Const.
 art. I, § 9.  The Fourth Amendment does not forbid all searches and seizures, but only unreasonable searches and seizures.  
Davis v. State
, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).  Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Davis
, 947 S.W.2d at 244.  To justify the intrusion, the officer must have specific, articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation.  
Garza v. State
, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989).  A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information.
  Hoag v. State
, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987).  The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime.  
Id.

The scope of the detention must be carefully tailored to its underlying justification.  
Florida v. Royer
, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325-26 (1983).  The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case.  
Id.
  The scope of the detention must be temporary and last no longer than necessary to effectuate the purposes of the stop.  
Id.
  Furthermore, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer’s suspicions within a short period of time.  
Id.
 

Here, Officer Berry observed Appellant’s car weaving out of its lane of travel and speeding.  These articulable facts, combined with Appellant’s admission that she had been drinking, were sufficient to give Officer Berry a reasonable suspicion to detain Appellant further to administer field sobriety tests.  
See id.
  The administration of the field sobriety tests was the least intrusive means by which Officer Berry could verify or dispel his suspicion that Appellant had been driving while intoxicated.  
See id.
  This minimal intrusion into Appellant’s personal freedom was reasonable under the circumstances.  
See id.
  Accordingly, we hold that Appellant’s Fourth Amendment rights and her rights under article one, section nine, of the Texas Constitution were not violated by Officer Berry’s temporary detention of Appellant and his request that she perform field sobriety tests.

Appellant further argues that allowing police to order DWI suspects to perform the standard field sobriety tests violates the Fourteenth Amendment’s Equal Protection Clause because the tests violate DWI suspects’ rights under the Fourth Amendment and article I, section 9 of the Texas while the rights of persons suspected of other crimes are not likewise violated.  
See
 U.S.
 Const. 
amend. XIV.  Because we have already determined that the field sobriety tests did not violate Appellant’s Fourth Amendment and article I, section 9 rights, we likewise hold that they did not violate her rights under the Equal Protection Clause.

We overrule Appellant’s first point. 

4.  Testimonial Evidence 

In her second point, Appellant contends that the trial court erred in denying her motion to suppress the testimonial evidence that she alleges was obtained in violation of 
Miranda
 because she was subjected to a custodial interrogation.  Appellant argues that when Officer Berry asked her where she had been and whether she had been drinking, she was in custody; thus, her statements should be suppressed because the officers had not given her 
Miranda
 warnings.  Citing 
Dowthitt v. State
, 931 S.W.2d 244 (Tex. Crim. App. 1996), and 
Jordy v. State
, 969 S.W.2d 528 (Tex. App.—Fort Worth, no pet.), Appellant argues that she was in custody because the officers had probable cause to arrest her prior to the questioning and because a reasonable person in her position would have believed that she was under arrest or was not free to leave; thus, the statements she made to Officer Berry should have been suppressed.

The need for 
Miranda
 warnings arises when a person has been subjected to a custodial interrogation.  
Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612. Article 38.22 of the Texas Code of Criminal Procedure generally precludes the use of statements that result from custodial interrogation absent compliance with its procedural safeguards.  
Tex. Code Crim. Proc. Ann. 
art. 38.22, § 2.  If a statement is not the result of a custodial interrogation, neither 
Miranda 
nor article 38.22 requires its suppression.  
See Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612; 
Galloway v. State
, 778 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way.  
Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612.  A person held for an investigative detention is not in custody.  
Dowthitt
, 931 S.W.2d at 254.  A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.  
Id.
  Persons temporarily detained pursuant to traffic stops are not in custody for the purposes of 
Miranda
.  
Berkemer v. McCarty
, 468 U.S. 420, 440, 104 S. Ct. 3138, 3150 (1984).  In 
Berkemer
, the Supreme Court determined that a motorist who was stopped for weaving on the road, subjected to a modest number of questions by a patrolman, and who performed a balancing test at a location visible to passing motorists, was not taken into custody for purposes of 
Miranda
.  
Miranda, 
384 U.S. at 442, 104 S. Ct. at 3151.

The court of criminal appeals adopted the 
Berkemer
 analysis in 
State
 
v. Stevenson
, 958 S.W.2d 824, 827 (Tex. Crim. App. 1997).  In determining whether a noncustodial encounter has escalated into custodial interrogation, the court of criminal appeals referred to four factors discussed in 
Dowthitt
, 931 S.W.2d at 254.  
Stevenson
, 958 S.W.2d at 826.  The factors for determining when a noncustodial interrogation escalates into a custodial interrogation include the following: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when law enforcement officers tell a suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.  
Dowthitt
, 931 S.W.2d
 
at 255.  In the first, second, and third situations, the restrictions upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention.  
Id.  
With regard to the fourth scenario, the officers’ knowledge of probable cause must be manifested to the suspect.  
Id.
 

In holding that the appellant’s statements in 
Stevenson
 were admissible, the court of criminal appeals held that the investigation was no more intrusive than in 
Berkemer
, and even if the appellant had become the focus of a DWI investigation, that fact alone would not give rise to custody.  
Stevenson
, 958 S.W.2d at 829.  The court further noted that the existence of probable cause to arrest did not distinguish the case from 
Berkemer
, in which the officer possessed probable cause to arrest after the suspect failed the sobriety test.  
Id.

Jordy
 held that the appellant was subjected to a custodial interrogation following a traffic accident when, in response to the officer’s question regarding how much he had to drink, he stated, “A lot.”  969 S.W.2d at 531-32.  In 
Jordy
, the appellant had lain down on the ground and the officer had called an ambulance before asking the appellant how much he had to drink.  
Id.
  In  
Alford v. State
, this court reversed a DWI conviction because the appellant’s statement that he had consumed six beers was made in the absence of 
Miranda
 warnings
, but the appellant made this statement after he had been handcuffed and placed on the ground.  22 S.W.3d 669, 672 (Tex. App.—Fort Worth 2000, pet. ref’d).  Both of these cases present additional circumstances  showing that the questioning had occurred beyond the investigatory stage.  
Lewis v. State
, 72 S.W.3d 704, 713 (Tex. App.—Fort Worth 2002, pet. ref’d). 

Here, Officer Berry observed Appellant drifting in and out of her lane of travel and exceeding the posted speed limits.  When he stopped her and approached her vehicle, she was unresponsive as he shone a flashlight into the car.  The car’s interior smelled of alcohol, Appellant’s eyes were bloodshot, and her speech was slurred.   These circumstances were enough to vest the officer with reasonable suspicion to detain Appellant and further investigate the possibility of her involvement in the criminal act of driving while intoxicated.  
Powell v. State
, 5 S.W.3d 369, 377 (Tex. App.—Texarkana 1999, pet. ref’d) (holding that an officer may continue the detention after an initial stop if he develops reasonable suspicion to believe that the detainee was engaged in criminal activity); 
see State v. Brabson
, 899 S.W.2d 741, 749 (Tex. App.—Dallas 1995), 
aff'd, 
976 S.W.2d 182 (Tex. Crim. App. 1998) (holding that reasonable suspicion to detain arose when the suspect honked his horn excessively and emitted a strong odor of alcohol).

We hold that Appellant’s statements were not the product of a custodial interrogation, but were merely the result of an investigative detention.  Therefore, the statements are admissible even in the absence of a 
Miranda 
warning and the warnings articulated in code of criminal procedure section 38.22.  
See Stevenson
, 958 S.W.2d at 829.  Accordingly, we hold that the trial court did not err in denying Appellant’s motion to suppress.  We overrule Appellant’s second point.

CONCLUSION
 

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

PUBLISH

DELIVERED:  January 25, 2007

FOOTNOTES
1:
Appellant’s points are nearly identical to the points raised by the appellant (who was also represented by Appellant’s counsel) and overruled by this court in 
Jordan v. State,
 No. 02-05-00364-CR, 2006 WL 2310531 (Tex. App.—Fort Worth August 10, 2006, no pet.) (mem. op.) (not designated for publication).  Likewise, our disposition of Appellant’s case tracks our opinion in 
Jordan
.

2: 
See
 
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).

3:
The State argues that Appellant waived her first point because her complaint on appeal does not comport with her argument in the trial court.  
See Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (holding complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited).  The focus of Appellant’s argument at the suppression hearing was somewhat different from the focus of her argument on appeal, but we will consider the merits of her first point out of an abundance of caution and in the interest of justice.