COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-256-CR

 

DANA M. O=SHEA                                                                        APPELLANT

 

   V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                              ------------

 

        FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      

I. 
Introduction








In three
points, Dana M. O=Shea appeals the trial court=s denial
of her motion to suppress.  After the
trial court denied O=Shea=s motion
to suppress,  she pleaded no contest to
the charge of driving while intoxicated (DWI). Pursuant to the plea agreement,
O=Shea
retained the right to appeal the trial court=s ruling
on her motion to suppress.  For the
reasons set forth below, we will affirm.

II.  Factual
Background

At
approximately 1:30 a.m. on May 6, 2005, Officer J.E. Hill of the Fort Worth
Police Department observed O=Shea
driving erratically on South University Drive; specifically, O=Shea=s
vehicle was not maintaining a single lane. 
Officer Hill initiated a traffic stop. 
When Officer Hill approached the vehicle and began speaking to the
driver, O=Shea, he detected an odor of
alcohol and noticed that O=Shea=s speech
was slurred and her eyes were dilated and glassy.  Officer Hill asked O=Shea if
she had been drinking, and O=Shea
responded that Ashe had one beer.@  But the passenger in O=Shea=s
vehicle simultaneously stated that Athey had
both had several beers to drink.@  Officer Hill then conducted three field
sobriety tests on O=Shea, and O=Shea
failed all of the tests.  Officer Hill
arrested O=Shea for DWI.   

O=Shea filed
a motion to suppress.  The motion argued
that all of the statements and evidence obtained during the traffic stop should
be suppressed because O=Shea was in custody at that time
but was not given Miranda warnings. 
O=Shea
testified at the suppression hearing that if she had been given Miranda
warnings, she would not have said anything and would not have performed any
field sobriety tests.  








 

 

III.  Standard of Review








We
review a trial court=s ruling on a motion to suppress
evidence under a bifurcated standard of review. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing a trial court=s
decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort
Worth 2003, no pet.).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 
Therefore, we give almost total deference to the trial court=s
rulings on (1) questions of historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.  Montanez v. State, 195 S.W.3d 101,
108-09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort
Worth 2004, pet. ref=d).  But when the trial court=s
rulings do not turn on the credibility and demeanor of the witnesses, we review
de novo a trial court=s rulings on mixed questions of
law and fact.  Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.

Stated
another way, when reviewing a trial court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.  State v. Kelly, 204 S.W.3d 808, 818
(Tex. Crim. App. 2006).  When the trial
court makes explicit fact findings, we determine whether the evidence, when
viewed in the light most favorable to the trial court=s
ruling, supports those fact findings.  Id.
at 818-19.  We then review the trial
court=s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling.  Id. at 819.

When the
record is silent on the reasons for the trial court=s
ruling, or when there are no explicit fact findings and neither party timely
requested findings and conclusions from the trial court, we imply the necessary
fact findings that would support the trial court=s ruling
if the evidence, viewed in the light most favorable to the trial court=s
ruling, supports those findings.  Id.  We then review the trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.  Id.








We must
uphold the trial court=s ruling if it is supported by
the record and correct under any theory of law applicable to the case even if
the trial court gave the wrong reason for its ruling.  Armendariz v. State, 123 S.W.3d 401,
404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974 (2004); Ross,
32 S.W.3d at 856; Romero, 800 S.W.2d at 543.  

IV.  Only
Reasonable Suspicion is Required to Request Field Sobriety Tests;

Conduct
of Performing or Refusing Field Sobriety Tests is

Not
Protected First Amendment Conduct

 

Although
O=Shea=s
arguments are somewhat difficult to discern, in her first two points she seems
to complain that she was denied due process and equal protection of the law
under the Fourth Amendment, Fourteenth Amendment, Texas Constitution, and the
Texas Code of Criminal Procedure because the same constitutional protections
applicable to persons arrested for a criminal offense should apply to persons
subjected to field sobriety tests.   See
U.S. Const. amend. IV, XIV; Tex. Const. art. I, ' 9; Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon Supp. 2006).  O=Shea
argues that by not affording her the same constitutional protections applicable
to those persons under arrest for a criminal offense, the police denied her due
process and equal protection of the law.








We have
recently decided this exact issue against O=Shea.  See Arthur v. State, 216 S.W.3d 50,
53-58 (Tex. App.CFort Worth 2007, no pet.).  In Arthur, we held that a person=s rights
under the Fourth Amendment, article one, section nine of the Texas
Constitution, and article 38.22 of the code of criminal procedure are not
violated by an initial detention and subsequent request to perform field
sobriety tests as long as the detention is supported by specific, articulable
facts and carefully tailored to its underlying justification.  See id. (setting forth extensive
analysis of these issues).  








Here,
Officer Hill observed O=Shea=s
vehicler straddling a marked lane divider for approximately one full
block.  After Officer Hill stopped O=Shea for
failing to maintain a single lane of traffic and approached her vehicle, he
detected an odor of alcohol coming from O=Shea and
observed that her speech was slurred and her eyes were dilated and glassy.  During the initial conversation with Officer
Hill, O=Shea
admitted that she had been drinking that evening.[2]  Collectively, these specific, articulable
facts were sufficient to give Officer Hill reasonable suspicion to detain O=Shea
further to conduct field sobriety tests. 
Matthew Ford v. State, 158 S.W.3d 488, 492-93 (Tex. Crim. App.
2005).  Conducting field sobriety tests
was the least intrusive means that Officer Hill could employ to determine
whether O=Shea was driving while
intoxicated.  See Arthur, 216
S.W.3d at 55.  We therefore hold that O=Shea=s rights
under the Fourth Amendment, article one, section nine of the Texas
Constitution, and article 38.22 of the code of criminal procedure were not
violated when Officer Hill temporarily detained her and requested that she
perform field sobriety tests.  See id.
at 55-56.  Because the
constitutional protections applicable to persons under arrest for a criminal
offense differ from those applicable to persons who are merely detained based
upon reasonable suspicion, and because O=Shea was
merely detained based upon reasonable suspicion, we likewise hold that O=Shea was
not denied due process and equal protection of the law under the Fourteenth
Amendment.

Also in
connection with her second pointCthat
persons detained for suspicion of DWI are entitled to the same constitutional
protections as those who are arrested for a criminal offenseCO=Shea
reasons that she has Aa right under the United States
Constitution through the First, Fourth, and Fourteenth Amendment not to be
required to move [her] body or be required to unless informed of the
consequences of such movement.@  In short, O=Shea
argues that if law enforcement officers do not inform her of the consequences
of her actions during a field sobriety test, then she has a right to not move
her body and to not perform the tests. 
But O=Shea cites no authority, and we
have found none, indicating that she has a right to be informed of the
consequences of performing field sobriety tests.  Likewise, no authority exists supporting O=Shea=s broad
assertion that body movements, in general, are protected under the First
Amendment.  In fact, the case law is to
the contrary.













Although
the First Amendment protects speech and other forms of expressive conduct, not
all forms of body movement constitute expressive conduct.  See City of Dallas v. Stanglin, 490
U.S. 19, 25, 109 S. Ct. 1591, 1595 (1989) (AIt is
possible to find some kernel of expression in almost every activity a person
undertakesCfor example, walking down the
street or meeting one=s friends at a shopping mallCbut such
a kernel is not sufficient to bring the activity within the protection of the
First Amendment.@).  First Amendment scrutiny is not required
where the government is regulating non-expressive conduct.  Arcara v. Cloud Books, Inc., 478 U.S.
697, 708, 106 S. Ct. 3172, 3178 (1986) (O=Connor,
J., concurring) (AAny other conclusion would lead
to the absurd result that any government action that had some conceivable
speech-inhibiting consequences, such as the arrest of a newscaster for a
traffic violation, would require analysis under the First Amendment.@).  Conduct is expressive if it possesses Asufficient
communicative elements@ and A[a]n
intent to convey a particularized message was present, and . . . the likelihood
was great that the message would be understood by those who viewed it.@  Spence v. Washington, 418 U.S. 405,
410‑11, 94 S. Ct. 2727, 2730 (1974); see also Littlefield v. Forney
Indep. Sch. Dist., 268 F.3d 275, 283 (5th Cir. 2001).  O=Shea=s
conduct hereCperforming or not performing
field sobriety testsCdid not contain Asufficient
communicative elements@ and no intent existed to convey
a particularized message through the conduct or lack thereof.  See Spence, 418 U.S. at 410-11, 94 S.
Ct. at 2730.  Because we hold that O=Shea=s
performance or nonperformance of field sobriety tests is not protected conduct
under the First Amendment, we need not engage in a First Amendment  analysis. 
See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473
U.S. 788, 797, 105 S. Ct. 3439, 3446 (1985) (holding that when a court
determines that no protected First Amendment right is involved, it need go no
further).

Having
held that O=Shea=s
detention and field sobriety tests administered to her did not constitute
unreasonable searches or seizures under the Fourth Amendment, article one,
section nine of the Texas Constitution, or article 38.22 of the code of
criminal procedure, and did not implicate a First Amendment right, we overrule
O=Shea=s first
and second points.

V.  Miranda
Warnings Not Required Prior to Field Sobriety Testing








In her
third point, O=Shea contends that she was in
custody after Officer Hill stopped her, and that all evidence obtained during
the stop and before she was given Miranda warnings was
inadmissible.  Even assuming that O=Shea was
in custody when Officer Hill stopped her, the Fifth Amendment applies only to
incriminating evidence that is testimonial in nature.  See Williams v. State, 116 S.W.3d 788,
791 (Tex. Crim. App. 2003).  And sobriety
tests do not unveil evidence that is testimonial in nature because the results
merely produce physical evidence of a suspect=s mental
and physical faculties.  See Gassaway
v. State, 957 S.W.2d 48, 51 (Tex. Crim. App. 1997); Arthur, 216
S.W.3d at 54.  Accordingly, O=Shea was
not entitled to Miranda warnings prior to performing the field sobriety
tests, and the failure to provide those warnings does not render the test
results inadmissible.  Arthur, 216
S.W.3d at 54-55.  We overrule O=Shea=s third
point.

VI.  Conclusion

Having
overruled O=Shea=s
points, we affirm the trial court=s
judgment.

 

                SUE WALKER

                JUSTICE

 

PANEL B: DAUPHINOT,
WALKER, and McCOY, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: April 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]We also note that the
passenger in the vehicle also admitted that he and O=Shea had been drinking
that night.