NO. 07-08-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2008
______________________________

DENNIS GERALD HARRISON, JR., 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee

_________________________________

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2617; HON. KELLY G. MOORE, PRESIDING
_________________________________

Memorandum Opinion
_________________________________

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.
          Dennis Gerald Harrison, Jr. appeals his conviction for possessing a controlled
substance. His sole issue involves the trial court’s decision denying his motion to
suppress.


 We affirm.
 
          Background
          District attorney investigator Rick Dickson received information from a confidential
informant that he had previously used on many occasions. The informant told him that
appellant would be in possession of methamphetamine on a certain date, that appellant
would be driving a car that the informant then described, that the methamphetamine was
at appellant’s home, and that appellant would be driving from Yoakum County to Terrell
County and transporting some of the dope. 
          Thereafter, Dickson contacted appellant by walking up to him at his place of work
and asking if he had any drugs. Appellant denied that he did. Dickson then told appellant
that he would have to search his vehicle, to which statement appellant allegedly said, “go
ahead.”


 While searching the vehicle, Dickson asked if appellant had finished packing to
go to Terrell County. He replied that he had not. And, though appellant initially denied
knowing what Dickson was talking about when the latter asked about the drugs, he
subsequently admitted that “[i]t’s at the house.” Appellant then proceeded to drive the
investigator to his home, open the door, invite him in, and show him the
methamphetamine. 
          Authority and Its Application
          We review the trial court’s ruling on a motion to suppress under the standard set
forth in Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The parties are
referred to that case for consideration. 
          Next, one must be mirandized only when he is subject to custodial interrogation. 
Herrera v. State, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). Logically, then, to be
undergoing custodial interrogation, the individual must be in custody. Yet, one is not in
custody when he is being held during an investigative detention. Arthur v. State, 216
S.W.3d 50, 56 (Tex. App.–Fort Worth 2007, no pet.). 
          Next, there appears evidence of record showing that appellant 1) was not
handcuffed, 2) was told he was not under arrest and was free to go,


 3) acknowledged that
he had yet to finish packing to go to the family ranch in Terrell County, 4) told the
investigator that the contraband was at his house, 5) took the officer to his home in his own
vehicle, 6) was not handcuffed or taken into custody even after the methamphetamine was
located in his home, 7) was free to (and actually did) go to the family ranch in Terrell
County after the methamphetamine was confiscated; and 8) replied that he was not under
arrest when asked at the suppression hearing. To this we add the information given to the
officer by the confidential informant. The foregoing constitutes evidence which, if believed,
permitted the trial court to conclude that appellant’s liberty was not sufficiently restrained
so as to raise the encounter from an investigative detention to an arrest. In other words,
the trial court could have lawfully determined that appellant was not in custody or
undergoing custodial interrogation at the time and, consequently, was not entitled to be
mirandized.
          Accordingly, we overrule the issue and affirm the judgment.
 
                                                                                      Per Curiam
Do not publish.