NO. 07-08-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2008

_____

DENNIS GERALD HARRISON, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2617; HON. KELLY G. MOORE, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Dennis Gerald Harrison, Jr. appeals his conviction for possessing a controlled substance. His sole issue involves the trial court's decision denying his motion to suppress.[1] We affirm.

_____

[1]Several grounds allegedly supporting the issue were mentioned. Only one was explained and accompanied by citation to the record and to authority as required by Texas Rule of Appellate Procedure 38.1(h). It pertained to the officer's purported failure to mirandize appellant. Since it was the only issue briefed, it will be the only one we address. *See McFarland v. State*, 928 S.W.2d 482, 512 (Tex. Crim. App.1996) (issues that lack citation to either the record or authority and discussion are waived.)

*Background*

District attorney investigator Rick Dickson received information from a confidential informant that he had previously used on many occasions. The informant told him that appellant would be in possession of methamphetamine on a certain date, that appellant would be driving a car that the informant then described, that the methamphetamine was at appellant's home, and that appellant would be driving from Yoakum County to Terrell County and transporting some of the dope.

Thereafter, Dickson contacted appellant by walking up to him at his place of work and asking if he had any drugs. Appellant denied that he did. Dickson then told appellant that he would have to search his vehicle, to which statement appellant allegedly said, "go ahead."[2] While searching the vehicle, Dickson asked if appellant had finished packing to go to Terrell County. He replied that he had not. And, though appellant initially denied knowing what Dickson was talking about when the latter asked about the drugs, he subsequently admitted that "[i]t's at the house." Appellant then proceeded to drive the investigator to his home, open the door, invite him in, and show him the methamphetamine.

*Authority and Its Application*

We review the trial court's ruling on a motion to suppress under the standard set forth in *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The parties are referred to that case for consideration.

Next, one must be mirandized only when he is subject to custodial interrogation. *Herrera v. State,* 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). Logically, then, to be

[2]Appellant testified that he was also searched.

undergoing custodial interrogation, the individual must be in custody. Yet, one is not in custody when he is being held during an investigative detention. *Arthur v. State,* 216 S.W.3d 50, 56 (Tex. App.–Fort Worth 2007, no pet.).

Next, there appears evidence of record showing that appellant 1) was not handcuffed, 2) was told he was not under arrest and was free to go,[3] 3) acknowledged that he had yet to finish packing to go to the family ranch in Terrell County, 4) told the investigator that the contraband was at his house, 5) took the officer to his home in his own vehicle, 6) was not handcuffed or taken into custody even after the methamphetamine was located in his home, 7) was free to (and actually did) go to the family ranch in Terrell County after the methamphetamine was confiscated; and 8) replied that he was not under arrest when asked at the suppression hearing. To this we add the information given to the officer by the confidential informant. The foregoing constitutes evidence which, if believed, permitted the trial court to conclude that appellant's liberty was not sufficiently restrained so as to raise the encounter from an investigative detention to an arrest. In other words, the trial court could have lawfully determined that appellant was not in custody or undergoing custodial interrogation at the time and, consequently, was not entitled to be mirandized.

Accordingly, we overrule the issue and affirm the judgment.


Per Curiam

Do not publish.

_____

[3]These statements are contained in a video made of appellant at his home.

3