

IN THE
TENTH COURT OF APPEALS

No. 10-10-00355-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Appellant

v.

SCOTT TERRENCE GREATHOUSE,

Appellee

From the 82nd District Court
Robertson County, Texas
Trial Court No. 10-06-18,605-CV

MEMORANDUM OPINION

The Texas Department of Public Safety appeals from the trial court's reversal of an administrative law judge's suspension of Scott Greathouse's driver's license for refusing to submit to giving a breath or blood specimen after his arrest for driving while intoxicated. TEX. TRANSP. CODE ANN. §§ 724.035, 724.042 (West Supp. 2010). The trial court determined that the administrative judge erred in its determination that the arresting officer had probable cause to arrest Greathouse. DPS complains that the trial court erred by reversing the administrative finding regarding probable cause to arrest

Greathouse. Because we find that the trial court erred, we will reverse the judgment and reinstate the suspension as ordered by the administrative law judge.

*Background*

Greathouse was stopped for speeding at a rate of 94 miles per hour in a 70 mile per hour zone in the afternoon hours. After the traffic stop was initiated, Greathouse exited his vehicle at the arresting officer's request. Upon exiting, Greathouse exhibited difficulties balancing. He had to lean against his vehicle and stumbled and swayed. Greathouse was slow to respond to questions asked to him and his demeanor was trance-like and oblivious. Greathouse admitted to taking hydrocodone. Greathouse refused to perform field sobriety testing or to provide a specimen of breath or blood when requested.

After reviewing the offense report, Greathouse's driving record, and hearing testimony from the arresting officer, the administrative law judge (ALJ) entered an order suspending Greathouse's driving privileges for two years. Greathouse appealed that decision to the trial court. The trial court reversed the judgment of the ALJ and ordered that the suspension be lifted.

*Standard of Review*

"[C]ourts review administrative license suspension decisions under the substantial evidence standard." *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999); *see* TEX. TRANSP. CODE ANN. § 724.047 (Vernon 1999) ("Chapter 524 governs an appeal from an action of the department, following an administrative hearing under this chapter, in suspending or denying the issuance of a license."); *id*. § 524.043 (Vernon

2007) (establishing rules for appeal but not defining the scope of review).  In contested cases, if more than a scintilla of evidence supports the administrative findings, we affirm those findings; "[i]n fact, an administrative decision may be sustained even if the evidence preponderates against it."  *Mireles*, 9 S.W.3d at 131.  Courts may not substitute their judgment for

> the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but . . . (2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole. . . .

TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008).  We review the trial court's substantial evidence review of the administrative ruling de novo.  *See Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (noting that the ALJ's findings are entitled to deference but that "whether there is substantial evidence to support an administrative decision is a question of law" and as such, neither county court nor the ALJ's determination of issue is entitled to deference on appeal).

*License suspension*

Under the Transportation Code, if a peace officer arrests a person and he has reasonable grounds to believe that the person is driving while intoxicated, he may request specimens of the person's breath or blood.  TEX. TRANSP. CODE ANN. § 724.012(a)(1) (Vernon Supp. 2009).  If the person refuses to submit to the taking of a specimen, the Department must suspend the person's license to operate a motor vehicle on a public highway.  *Id.* § 724.035 (Vernon Supp. 2009).  If a person's license is

suspended under this chapter, he may request a hearing on the suspension. *Id*. §
724.041 (Vernon Supp. 2009).

At the hearing before the trial court, the sole issue of which Greathouse
complained is "whether probable cause existed to believe that the person was operating
a motor vehicle in a public place while intoxicated." *Id*. § 724.042 (Vernon Supp. 2009).
Applying the applicable standard of review, then, the reviewing court must uphold the
administrative decision if the record contains substantial evidence to support an
affirmative finding on this issue.

*Probable cause to believe that Greathouse was driving while intoxicated*

A license suspension is a civil matter, requiring only probable cause to believe
the driver was driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 724.048(a)
(Vernon 1999); *Mireles*, 9 S.W.3d at 131. Probable cause to arrest exists when the facts
and circumstances that are apparent to the arresting officer support a reasonable belief
that an offense has been or is being committed. *Amores v. State*, 816 S.W.2d 407, 413
(Tex. Crim. App. 1991). Probable cause requires more than a suspicion but far less
evidence than that needed to support a conviction or to support a finding by a
preponderance of the evidence. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App.
1997).

The ALJ's findings of fact relevant to this issue were: (1) that the officer had
reasonable suspicion to stop Greathouse because he was traveling 94 mph in a 70 mph
zone as determined by radar, and (2) that the officer had probable cause to arrest

Greathouse because, in addition to Greathouse's speeding, he had unsteady balance and admitted consuming prescription medication prior to operating the vehicle.

*Analysis*

We find that there was substantial evidence to support the ALJ's finding of probable cause to arrest Greathouse. Greathouse's speed, lack of balance and leaning on his vehicle for support, inability to promptly answer questions posed to him, refusal to comply with the officer's requests to perform the field sobriety testing or to provide a breath or blood specimen, and admission of ingesting hydrocodone, a controlled substance, was sufficient to establish probable cause that Greathouse was driving while intoxicated as a result of the introduction of a drug into his body. *See generally Arthur v. State*, 216 S.W.3d 50, 55-56 (Tex. App.—Fort Worth 2007, no pet.) (speeding); *Waller v. State*, No. 05-09-00097-CR, 2009 Tex. App. LEXIS 9338 (Tex. App.—Dallas Dec. 9, 2009, no pet.) (mem. op., not designated for publication) (refusal to complete sobriety testing or provide specimen and unsteady balance factors in determining guilt of driving while intoxicated based on drugs rather than alcohol); *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (evidence of refusal to submit to breath test "tends to show consciousness of guilt" and is relevant in DWI case); *Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001) ("[s]ince the definition of 'intoxicated' includes 'not having the normal use of mental or physical faculties,' any sign of impairment in [speech] would be circumstantially relevant [in a DWI case.]"); *Cotton v. State*, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985) (signs of intoxication include slurred speech and unsteady balance); *Paschall*, 285 S.W.3d at 178 (lack of smell of alcohol on breath factor from

which jury could infer intoxication from controlled substance, drug, combination of those substances, or any substance).

The trial court erred in reversing the decision of the administrative law judge. We sustain the Department's issue.

*Conclusion*

Substantial evidence supports the ALJ's decision to suspend Greathouse's driver's license under sections 724.042 and 724.035 of the Texas Transportation Code. We therefore reverse the judgment of the trial court and render judgment reinstating the suspension of Greathouse's driving privileges. *See* TEX. GOV'T CODE ANN. § 2001.174(1).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and rendered
Opinion delivered and filed March 23, 2011
[CV06]