

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00148-CR

| | | |
|---|---|---|
| Oscar Dobbs | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (1202690D) |
| v. | § | November 8, 2012 |
| | § | Opinion by Justice Gabriel |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00148-CR

OSCAR DOBBS          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Oscar Dobbs appeals his conviction for driving while intoxicated (DWI) with a child under the age of fifteen. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts and Procedural History**

Sansom Park Police Officer Randy Driver initiated a traffic stop late one night after he saw Appellant's car turn westbound from an intersection into the eastbound lanes of Highway 199 before it hopped the median into the westbound lane. Appellant promptly pulled into a parking lot and stopped, and Officer Driver, noticing the odor of an alcoholic beverage as he walked up to the car, immediately asked Appellant, "How much have you had to drink tonight?" Appellant's wife and two children were in the car, and Appellant said that they had been to a party and he was just about to let his wife take over the driving.

Officer Driver ordered Appellant to turn off his engine and "just sit tight" while he ran Appellant's driver's license on the patrol unit's computer. After a few minutes, he summoned Appellant to the back of Appellant's car, where—ultimately accompanied by two other uniformed officers—he asked Appellant several questions that included the following over approximately a five-minute period:

Are you sick?

Are you injured?

Do you have any physical defects?

Under a doctor's care?

When was the last time you went to the doctor?

Are you diabetic?

Do you take insulin?

Are you epileptic?

Do you take drugs?

Do you take medicine?

What kind of medicine do you take?

How often do you take that?

Have you taken any of those today?

Do you wear contacts?

Do you wear glasses?

What time do you think it is right now without looking at a watch?

A.M. or P.M?

What time did you start drinking today?

Twelve noon, twelve A.M.?

So thirty minutes ago?

What time did you stop drinking?

Do you have any open containers in the car?

So how long ago?

Where were you drinking at?

What's the name of the place?

What city is it in?

Who were you drinking with?

Do you know where you are at right now?

Where are you?

3

Jacksboro and what?

Where were you headed right now?

Where you going?

Where are you headed to?

What were you drinking?

How much have you had to drink tonight?

Coors Light?

You don't know how many of them?

Can you estimate?

When did you last eat?

What did you have to eat?

When did you last sleep?

How many hours of sleep did you get?

Do you feel the effects of alcohol right now?

Officer Driver then administered three standard field sobriety tests, the horizontal gaze nystagmus (HGN), the walk-and-turn, and the one-leg stand. He detected six out of six clues of intoxication on the HGN, three out of eight on the walk-and-turn and three out of six on the one-leg stand. Officer Driver then placed Appellant under arrest for DWI and transported him to the police station, where Appellant produced two breath samples showing alcohol concentrations of .086 and .087, respectively, which are over the legal limit of .08.

The State charged Appellant with DWI with a child under the age of fifteen. At trial, and outside the jury's presence, Appellant urged an oral motion to suppress the statements he had made to Officer Driver, arguing, as he does now on appeal, that the sheer number of questions asked Appellant, as set out above, transformed the stop from an investigative detention into a custodial interrogation, which required *Miranda* warnings that Officer Driver had failed to give. The trial court denied the motion to suppress, and the jury returned a verdict of guilty and recommended a $1,000 fine and 180 days' state jail confinement, both punishments suspended. The trial court sentenced Appellant accordingly, and ordered him to serve five years' community supervision.

## Issue on Appeal

In his sole issue, Appellant argues that because he was interrogated while in custody, the law required that he first have been advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602. Because Officer Driver failed to administer the *Miranda* warning, Appellant argues that his statements made in response to the questioning should have been suppressed. The State counters that the questions were not excessive—they took less than five minutes—and were in line with case law holding that such questioning is an acceptable part of routine traffic stops and, therefore, does not require *Miranda* warnings before the responses it generates may be admitted in evidence at trial. *See Campbell v. State*, 325 S.W.3d 223, 235 (Tex. App.—Fort Worth 2010, no pet.).

5

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts and reviewing de novo the trial court's application of law to facts that do not turn on assessments of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997).

**Discussion**

The need for *Miranda* warnings arises when a person has been subjected to a custodial interrogation. *See Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612. Article 38.22 of the Texas Code of Criminal Procedure generally precludes the use of statements resulting from custodial interrogation absent compliance with its procedural safeguards that include administering *Miranda* warnings. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West 2005); *Arthur v. State*, 216 S.W.3d 50, 56 (Tex. App.—Fort Worth 2007, no pet.). If a statement is not the result of custodial interrogation, neither *Miranda* nor article 38.22 requires its suppression. Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612.

One situation in which a person detained by the police is in custody for purposes of determining whether *Miranda* warnings are required is if a reasonable person under the same circumstances would believe that his or her freedom of movement is restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996); *Jordy v. State*, 969 S.W.2d 528, 532 (Tex. App.—Fort Worth 1998, no pet.).

The stop in this case was recorded on videotape and admitted at trial. We have reviewed the tape. It shows that Appellant was ordered to turn off his engine, told to "sit tight," summoned to the back of his car where he was eventually surrounded, albeit loosely, by three officers in uniform while Officer Driver asked him the questions quoted above. We doubt whether a reasonable person under these circumstances would have felt free to leave. But even if we were to assume for the sake of argument that Appellant was subjected to custodial interrogation, based upon our review of the record as a whole, we are convinced beyond a reasonable doubt, that his responses to these questions did not contribute to the verdict or to the punishment assessed. *See* Tex. R. App. P. 44.29(a).

Some of the incriminating statements he made were not made in response to questioning. For instance, he volunteered that he did not like to let his wife drive at night so they decided that he would drive around the block to see if he could drive. The most incriminatory things he said that were in response to questioning were that he had been drinking beer up until shortly before he was

7

pulled over, and when asked if he was feeling the effects of alcohol, he said, "I do feel a little dizzy."

But in addition to these statements, the jury heard testimony from Officer Driver that he had stopped Appellant after seeing him drive on the wrong side of the road and then over a median into the proper lane. They also heard testimony that Officer Driver had believed that Appellant had been intoxicated after seeing his driving, smelling alcohol on him, and observing his performance on the field sobriety tests—the failed HGN, walk-and-turn and one-leg stand tests. They also heard testimony from Officer Aaron Callahan, who having observed Appellant at the scene, including Appellant's performance on the field sobriety tests, testified that Appellant appeared to have been intoxicated. Further, the jury watched the video that showed Appellant struggling with his balance during the walk-and-turn and one-leg stand tests. Finally, the jury heard evidence that Appellant provided two breath samples with alcohol concentrations of .086 and .087, respectively. On this evidence the jury reasonably could have believed that Appellant was intoxicated by having a breath alcohol concentration over the legal limit of .08. *See Trillo v. State*, 165 S.W.3d 763, 768 (Tex. App.—San Antonio 2005, no pet.).

Therefore, after carefully reviewing the record and performing the required harm analysis under rule 44.2(a), even if we assumed the trial court erred to allow Appellant's statements, we hold beyond a reasonable doubt that their admission did not contribute to Appellant's conviction or punishment. Tex. R.

8

App. P. 44.2(a).  Accordingly, we overrule Appellant's sole point.  *See Campbell*, 325 S.W.3d at 239.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MCCOY and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 8, 2012