**AFFIRMED and Opinion Filed May 7, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00717-CR

### BARNEY LEE WEIMER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 068803**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

A jury convicted Barney Lee Weimer of possession of methamphetamine in the amount of four grams or more but less than 200 grams, and the trial court assessed punishment, enhanced by two prior felony convictions, at twenty-eight years in prison. In two issues, appellant argues the trial court erred in admitting a statement he made to a police officer during a traffic stop and in failing to grant testimonial immunity to a witness. After reviewing the record, we overrule both issues and affirm the trial court's judgment.

FACTUAL BACKGROUND

At about 3:30 a.m. on August 27, 2017, Cpl. Allen Adams of the Sherman Police Department was patrolling an area of the city prone to burglaries and drug traffic. He saw appellant

riding a bicycle that was "not illuminated or very illuminated." Appellant failed to stop at a stop sign, and Adams decided to make a traffic stop. He called for Officer Austin Ross to assist him.

Adams stopped appellant, explained why he stopped him, and obtained identification. Adams asked appellant where he was going, and appellant pointed to a nearby house where police previously had complaints of drug traffic. Adams asked for appellant's consent to a "pat down," and appellant agreed. Ross performed the search and found a baggie in appellant's front pocket. The baggie contained a crystal-like substance. According to Adams, appellant said the substance was rock salt, not "meth." Appellant told the officers the baggie was left at his house by someone who he would not name, and appellant found it earlier that night while looking for money.

Over objection, Adams testified that because appellant indicated he was able to distinguish between rock salt and methamphetamine, he asked appellant when the last time he used methamphetamine and appellant said "yesterday."[1] After a field test showed the substance tested positive for methamphetamine, appellant was arrested and placed in handcuffs. Body camera and in-car videos of the stop were admitted as evidence over appellant's objection and showed the interaction, including the complained-of exchange, between the officers and appellant. The video also showed a third officer at the scene while Adams was awaiting the field test results.

Appellant testified in his defense. He told jurors the baggie found by the police belonged to Shawn Williams. He said Williams brought the baggie to his house a few weeks earlier. According to appellant, Williams sold "stuff to people" that "wasn't real" and told appellant the baggie contained salt. Appellant said he found the baggie underneath his recliner earlier that night, put it in his pants pocket with the intent to throw it away, but then forgot about it.

---

[1] The trial court determined this evidence was admissible following a hearing outside the presence of the jury.

ADMISSION OF STATEMENT

In his first issue, appellant contends the trial court erred by admitting his statement, in response to the officer's question, that he used methamphetamine "yesterday." He argues he was in custody at the time he made the statement and had not been given his warnings as required under Texas Code of Criminal Procedure article 38.22, rendering the statement inadmissible.

Article 38.22 of the code of criminal procedure requires the suppression of statements made during a custodial interrogation unless certain statutorily prescribed warnings are given. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. Custodial interrogation means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Lewis v. State*, 72 S.W.3d 704, 706 (Tex. App.—Fort Worth 2002, pet. ref'd).

Texas courts construe "custody" under article 38.22 consistent with the meaning of "custody" for purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966). *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). A person is "in custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The "reasonable person" standard presupposes an *innocent* person. *Id.* In making the custody determination, we consider all of the objective circumstances, but an official's subjective belief is not a factor unless that official's subjective belief was somehow conveyed to the person who was questioned. *Herrera*, 241 S.W.3d at 526.

As a general rule, persons temporarily detained pursuant to an ordinary traffic stop are not "in custody" for purposes of *Miranda*. *State v. Ortiz*, 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). However, a routine traffic stop may escalate from a noncustodial detention to a custodial detention when the detainee's freedom of movement is restrained to the degree associated with a

–3–

formal arrest. *Id.* There are four general situations which transform a noncustodial interrogation into a custodial interrogation: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect he is free to leave. *Dowthitt*, 931 S.W.2d at 255. With respect to the first through third situations, the restriction upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention. *Id*. As for the fourth situation, the officers' knowledge of probable cause must be manifested to the suspect. *Id*.

Appellant argues that under *Dowthitt* prongs (1), (3), and (4), he was in custody when he made the incriminating statement. He asserts that custody was established by evidence that his bicycle was pulled over and he was "surrounded by police, who had put his hands behind his back, albeit for officer safety, to search his pockets." Further, he asserts police had probable cause to arrest him for possession of methamphetamine as soon as they removed the baggie from his pocket and he was not told he was free to leave. We cannot conclude this evidence established custody.

There is no bright-line test for distinguishing between an investigative detention and arrest; instead, courts consider a number of factors, including: (1) the amount of force displayed; (2) the duration of the detention; (3) the efficiency of the investigative process and whether it is conducted at the original location or the person is transported to another location; (4) the officer's expressed intent—that is, whether he told the person that he was under arrest or was being detained only for a temporary investigation; and (5) any other relevant factors. *State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008).

Cpl. Adams stopped appellant and was ultimately joined by two other officers. None of the officers drew a weapon or otherwise acted in any threatening manner toward appellant. Only seven minutes elapsed between the time of the stop and appellant's arrest. During this time, appellant agreed to a search, and one of the officers had appellant put his hands behind his back while he performed the search; appellant was not handcuffed. The baggie was found during the search, and appellant immediately told the officers it was rock salt. Although Adams testified he had probable cause to arrest appellant once the substance was found, he did not communicate that fact to appellant. Having found the suspicious substance, the police could continue to detain appellant briefly to investigate that circumstance. While another officer performed a field test of the substance, appellant again told Adams the substance was rock salt, not "meth." Because appellant indicated he could distinguish between the two, Adams asked when he last used "meth," eliciting appellant's response of "yesterday." Shortly after, the field test results showed the substance was positive for methamphetamine and appellant was arrested.

Having reviewed the evidence and presupposing an innocent person, the record does not demonstrate that appellant was physically deprived of his freedom in any significant way, any officer created a situation that would lead a reasonable person to believe his freedom of movement had been significantly restricted, or any officer had probable cause to arrest and manifested that probable cause to appellant but did not tell appellant he was free to leave. Accordingly, his statement was not the product of custodial interrogation. At most, it was merely the result of an investigative detention and was admissible even in the absence of the warnings set out in article 38.22. *See Arthur v. State*, 216 S.W.3d 50, 57 (Tex. App.—Fort Worth 2007, no pet.) (concluding defendant not in custody when officer asked defendant where she had been and whether she had been drinking; statements were not product of custodial interrogation but merely result of investigative detention); *Abernathy v. State*, 963 S.W.2d 822, 824 (Tex. App.—San Antonio 1998,

pet. ref'd) (concluding defendant's statement that he had four drinks in response to officer's question was not result of custodial interrogation but was part of temporary investigation to determine whether defendant was driving while intoxicated). We overrule the first issue.

TESTIMONIAL IMMUNITY

In his second issue, appellant contends the trial court erred in failing to grant testimonial immunity to a witness after the State made the offer, denying him his right to present a defense and his right to compulsory process.

After the State rested, defense counsel told the judge he wanted to call a witness who he believed would invoke the Fifth Amendment. The witness, Shawn Williams, was the person who appellant claimed left the bag of methamphetamine at his house. Williams was under indictment in an unrelated case and had been advised by his attorney not to testify.

In a hearing outside the presence of the jury, Williams told the judge he would invoke his Fifth Amendment right not to testify as advised by his counsel. At that point, there was some discussion among the prosecutor, defense counsel, and Williams's counsel during which the State offered "immunity for [Williams] for his testimony." But after further discussion on the terms or scope of any potential testimonial or use immunity, the State withdrew the offer. When defense counsel argued the prosecutor had already given Williams testimonial immunity, the trial judge explained that the State withdrew the offer before it was accepted or finalized.

"Immunity . . . is the coin the government must pay to obtain the waiver of a person's right against self-incrimination and the information that he has about some crime." *Smith v. State*, 70 S.W.3d 848, 861 (Tex. Crim. App. 2002) (Johnson, J., concurring). Thus, only the government can decide how much information it wants to "buy" and how much it is willing to pay for it in terms of either "use" or "transactional" immunity. *Id.*

Here, the prosecutor did not bind herself to any agreement; rather, she withdrew her offer of immunity before any agreement was reached. Moreover, appellant has cited no case for the proposition that the State is precluded from withdrawing its offer of immunity before any offer is finalized. Because the record does not show that the defense witness was granted immunity in this case, appellant has not shown error. We overrule the second issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180717F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BARNEY LEE WEIMER, Appellant

No. 05-18-00717-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 068803.
Opinion delivered by Justice Reichek;
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 7, 2019